THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

GS HOLISTIC, LLC, :

    Plaintiff, :

                                                  Case No. 1:23-cv-634

v. :

                                                  Judge Walter H. Rice

HQ VAPES AND TOBACCO LLC,     Mag. Judge Michael R. Merz
d/b/a HQ VAPES AND :
SMOKESHOP, *et al.*,

    Defendants.

---

ORDER SUSTAINING MOTION FOR PARTIAL SUMMARY JUDGMENT OF PLAINTIFF GS HOLISTIC, LLC (DOC. #17), AND DIRECTING CLERK OF COURTS TO ENTER DEFAULT AGAINST DEFENDANT HQ VAPES AND TOBACCO LLC, d/b/a HQ VAPES AND SMOKESHOP; JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT ELHAITHAM IBRAHIM ON THE ISSUES OF THE VALIDITY AND OWNERSHIP OF TRADEMARK NOS. 6,174,291, 6,174,292, AND 6,633,884 AND OF DEFENDANT'S INFRINGEMENT OF THOSE TRADEMARKS

---

This case is before the Court on the Motion for Partial Summary Judgment of Plaintiff GS Holistic, LLC. (Doc. #17) On October 3, 2023, Plaintiff filed its Complaint against Defendants HQ Vapes and Tobacco LLC, d/b/a HQ Vapes and Tobacco ("HQ Vapes"), and Elthaitham Ibrahim. (Doc. #1). Defendants were served on or about December 19, 2023. (Affidavits of Service, Doc. #6, PAGEID 31; Doc. #7, PAGEID 32). While Defendant Ibrahim filed an Answer to the Complaint

on January 8, 2024 (Doc. #8), at no point did retained counsel appear as trial attorney or in any other capacity for Defendants.

On April 14, 2025, the Court ordered HQ Vapes to obtain counsel, who would appear in the captioned case as trial attorney for HQ Vapes within twenty-eight days of entry. In so ordering, the Court noted that HQ Vapes, as a pass-through entity, could not proceed *pro se*. (Order, Doc. #22, PAGEID 56-57, citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); S.D. OHIO CIV.R. 83.4(a)). The Court further warned that "[f]ailure to obtain counsel within that time frame will, upon proper motion by Plaintiff, result in default judgment in favor of Plaintiff and against HQ Vapes." (*Id.* at PAGEID 57). Despite that order, HQ Vapes has still failed to obtain counsel, or even indicate to the Court that it is trying to do so.

On June 6, 2025, the Court ordered Plaintiff to move for partial summary judgment as to the validity and ownership of United States Patent and Trademark Office ("USPTO") Registration Nos. 6,174,291; 6,174,292; and 6,663,884 ("Stundenglass Marks"), and on whether Ibrahim infringed those trademarks; if Plaintiff failed to do so, then the case would proceed to trial. (Order, Doc. #15, PAGEID 46-47). On June 25, 2025, Plaintiff filed its Motion. (Doc. #17). Ibrahim did not filed a memorandum *contra*, and the time for doing so has expired. FED.R.CIV.P. 6(a)(1); S.D. OHIO CIV.R. 7.2(a)(2). The matter is ripe for decision.

2

I.  **Legal Standards**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings," and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably

3

find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

"Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL § 2726 (3d ed. 1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. FED.R.CIV.P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). If it so chooses, however, the court may also consider other properly presented materials in the record. FED.R.CIV.P. 56(c)(3).

## II. Analysis

As stated above, even when warned by the Court that failure to obtain counsel would bar HQ Vapes from proceeding in the lawsuit and ultimately result in judgment against it, HQ Vapes has still made no effort to secure representation.

4

"The failure by a limited liability company . . . to comply with a court order that it appear through counsel constitutes a failure to defend a civil action, and a court should direct the clerk of the court to enter a default in such cases." *Alt. Materials, LLC v. TCH Constr. Grp., Inc.*, 339 F.R.D. 322, 324 (N.D. Fla. 2021) (collecting cases); *see also* FED.R.CIV.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Accordingly, the Clerk of Courts is DIRECTED to enter default against HQ Vapes.

As to Ibrahim, in its Motion, Plaintiff presents substantial, valid, and undisputed evidence that the Stundenglass Marks Nos. 6,174,291; 6,174,292; and 6,633,884 are valid, active, and assigned to Plaintiff. Specifically, Plaintiff has attached true and accurate copies of the Stundenglass Marks registration with the USPTO. (C. Folkerts Decl. 1, Doc. #17-1, PAGEID 60, ¶ 7, citing Marks, Doc. #17-1, PAGEID 67-72).

> Receipt of a registered trademark automatically invokes a statutory presumption that the trademark is valid. The statutory presumption shifts the burden of proof to the party challenging the validity of the mark. Furthermore, the District Court may not overrule the decision of registerability of the Patent and Trademark Office (PTO) unless the party challenging the mark argues persuasively that the mark was ineligible for protection.

*Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.*, 871 F.2d 590, 593 (6th Cir. 1989) (internal citations omitted). Defendants do not challenge the validity of the Stundenglass Marks; nor do they dispute Plaintiff's statements that

5

the Stundenglass Marks were active and owned by Plaintiff at all relevant times in the litigation. (Doc. #17-1, PAGEID 61, ¶ 14).

Moreover, Plaintiff has proffered undisputed evidence that Defendants infringed the Stundenglass Marks by selling a counterfeit item for less than half the retail price of the Stundenglass product to Plaintiff's investigator on July 22, 2023. (Doc. #17, PAGEID 56-57; Doc. #17-2, PAGEID 68, ¶¶ 2-3).

> A party proves trademark infringement by showing (1) that it owns a trademark, (2) that the infringer used the mark in commerce without authorization, and (3) that the use of the alleged infringing trademark "is likely to cause confusion among consumers regarding the origin of the goods offered by the parties."

*Coach, Inc. v. Goodfellow*, 717 F.3d 498, 502 (6th Cir. 2013), quoting *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 515 (6th Cir. 2007).

Plaintiff satisfies all three elements as matters of law. *First*, as discussed above, Plaintiff owns the Stundenglass Marks. *Second*, Plaintiff did not authorize Defendants to use the Marks in commerce. (*See, e.g.*, Doc. #17-1, PAGEID 60-61, ¶¶ 8-9 (emphasis added) ("GS Holistic, LLC is the *exclusive owner* of the above trademarks[.] ,. . . The above registrations for Stundenglass Trademarks . . . have been used *exclusively and continuously* by GS, and never abandoned)). *Third*, the photographs by Plaintiff's investigator substantial similarity between the counterfeit product and an authentic product bearing the Stundenglass Marks. (Doc. #17-2, PAGEID 71-94). This similarity, along with Defendants' alleged much lower sale price of $217.69, "less than half the suggested authentic retail price of $600" (Doc. #17, PAGEID 57), compels the Court to presume that there was

6

confusion among consumers—a presumption Defendants have not attempted to rebut. *See Ford Motor Co. v. Lloyd Design Corp.*, 22 F. App'x 464, 468 (6th Cir. 2001), quoting *Esercizio v. Roberts*, 944 F.2d 1235, 1243 (6th Cir. 1991) ("a likelihood of confusion is presumed when a defendant intentionally copies a trademark design 'with the intent to derive a benefit from the reputation of another.'").

As there is no dispute, much less a material one, over ownership or validity of the Stundenglass Marks, and that Defendant infringed those Marks through counterfeiting, Plaintiff's Motion for Partial Summary Judgment (Doc. #17) is SUSTAINED. Judgment shall ultimately enter in favor of Plaintiff and against Defendants that Stundenglass Marks Nos. 6,174,291; 6,174,292; and 6,633,884 have been continuously valid, active, and assigned to Plaintiff, and that Defendants infringed the Stundenglass Marks.

The captioned case shall be set for trial as against Ibrahim on the issues of willfulness and damages.

IT IS SO ORDERED.

September 15, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

7